IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1998 SESSION

FILED

June 1, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID M. FARMER, | * | C.C.A. # 01C01-9707-CR-00243 |
| Appellant, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Seth Norman, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

G. Kline Preston, IV
Attorney
Washington Square Two, Suite 416
222 Second Avenue North
Nashville, TN 37201

For Appellee:

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Counsel for the State
425 Fifth Avenue North, Second Floor
Cordell Hull Building
Nashville, TN 37243-0493

James W. Milam
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

The petitioner, David M. Farmer, appeals from the trial court's denial of his petition for post-conviction relief. The issues presented for review are whether the original sentence violated the due process rights of the petitioner, whether the plea agreement violated the terms of Rule 11(e)(3) of the Tennessee Rules of Criminal Procedure, and whether the original, conditional sentence of six years, which was later increased to ten years, qualified as an unlawful, indeterminate sentence.

We affirm the judgment of the trial court.

On February 23, 1995, the petitioner entered a plea of guilt to selling less than .5 gram of a Schedule II controlled substance, cocaine, a Class C felony. As a part of the plea agreement, the petitioner received a $2,000.00 fine and a Range II, six-year sentence. As a part of the plea bargain, the petitioner agreed to report on March 10, 1995, or else a ten-year sentence would result. Prior to approval by the trial court, the petitioner specifically accepted the condition of timely reporting to the authorities. On March 17, 1995, the trial court entered a sentence of ten years upon acknowledgment by the petitioner of his failure to timely report.

On April 22, 1995, the petitioner filed a pro se petition for post-conviction relief alleging a double jeopardy violation, ineffective assistance of counsel, and, by subsequent amendment with the assistance of counsel, the additional grounds now presented for our review. At the evidentiary hearing, the proof was limited to the record of the guilty plea and the amended judgment. It was stipulated that the petitioner failed to report on March 10, 1995, as required by the plea agreement.

2

In response, the state takes the position that the petitioner failed to make the terms of the plea agreement, critical to the issues brought in this appeal, a part of the appellate record. Secondly, the state contends that because the petitioner knowingly and voluntarily accepted the terms of the plea agreement, including the condition of timely reporting, that he is responsible for any error which might have resulted in the ten-year sentence. Tenn. R. App. P. 36(a). Finally, the state asserts that the petitioner was clearly afforded due process and that the petitioner has otherwise failed to allege a ground upon which the sentence could be declared void or voidable. Tenn. Code Ann. § 40-30-105 (repealed 1995).

While counsel for the petitioner has made creative arguments, the failure to include the plea agreement in the record is fatal to this appeal. The due process argument, the insistence that the state failed to comply with Rule 11 of the Tennessee Rules of Criminal Procedure, and the argument that the statute requires courts to "impose a specific sentence length for each offense" depends in great measure upon the content of the plea agreement. See Tenn. Code Ann. § 40-35-211.

> The trial court made the following specific finding of fact:
>
> The court explained to the petitioner that if he failed to report at the proper time to serve the sentence, the sentence would be ten years at thirty-five percent. The petitioner accepted the amendment before entering his plea. The defendant did fail to appear and the court did place the ten-year sentence into effect.
>
> The petitioner cannot be heard to now complain of a sentence that he agreed to.

In State v. Hodges, 815 S.W.2d 151 (Tenn. 1991), our supreme court held as follows:

3

> Aside from any agreement which may exist between the State and a defendant in reference to the entry of a guilty plea, the ultimate decision to accept or reject any such plea is to be made by the trial court and, if so accepted and received by the court, the final determination on the extent of the punishment to be meted out is the province of the trial court.

815 S.W.2d at 155.

The holding in Boykin v. Alabama, 395 U.S. 238 (1969), requires only that the record affirmatively show that the defendant voluntarily and knowingly entered his guilty plea. Here, the record demonstrates that the plea was "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25 (1970). Because the petitioner stipulated that he failed to meet the condition that would have established his term at six years rather than ten and because the content of the plea is not otherwise a part of the record, the judgment must be affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
L. T. Lafferty, Judge

4